OPINION OF THE COURT
Per Curiam.
Final judgment, entered June 24, 2010, reversed, with $30 costs, and final judgment awarded in favor of tenants dismissing the holdover petitions. The Clerk is directed to enter judgment accordingly.
These consolidated holdover proceedings seek recovery of three contiguous units situated in a housing complex subsidized by the United States Department of Housing and Urban Development (HUD), upon the apparent basis that tenants unjustifiably refused to execute renewal leases proffered by landlord. Fatal to the landlord’s prosecution of these proceedings is its failure to serve tenants with a pretermination notice of “good cause” informing them of any specific conduct which, if unabated, would form the basis for their removal from the demised premises.
Pursuant to the applicable HUD regulations, a landlord “may not terminate any tenancy in a subsidized project” except upon enumerated grounds, viz., (1) “[mjaterial noncompliance” with the rental agreement; (2) “[mjaterial failure to carry out [state statutory] obligations; (3) certain species of criminal activity or alcohol abuse and, as here applicable, (4) “[ojther good cause” (see 24 CFR 247.3 [a] [emphasis added]). Paragraph (b) of section 247.3 goes on to provide that the conduct of a tenant “cannot be deemed other good cause under [section 247.3 (a) (4)] unless the landlord has given the tenant prior notice that said conduct shall henceforth constitute a basis for termination of occupancy,” with such prior good cause notice required to be “served on the tenant in the same manner as that provided for termination notices” in the succeeding section of the regulations, that is, by sending the good cause notice via first-class mail and serving a copy of the notice by one of several specified methods at the leased dwelling unit (see 24 CFR 247.4 [b]).
*15 The landlord’s demonstrated noncompliance with the above-cited HUD regulations, which have the full force and effect of federal law (see Chrysler Corp. v Brown, 441 US 281, 301-303 [1979]; Gramercy Spire Tenants’ Assn. v Harris, 446 F Supp 814, 822 [SD NY 1977]), requires dismissal of its eviction claim (see ER. Scott Co. v Manasseh, 1985 WL 263988, 1985 Conn Super LEXIS 304 [Conn Super, Dec. 30, 1985, SPWA 8511-02951]; Finkelstein & Ferrara, Landlord and Tenant Practice in New York § 19:136 [West’s NY Prac Series, Vol H, 2012]; see also 512 E. 11th St. HDFC v Grimmet, 181 AD2d 488 [1992]). Inasmuch as the HUD notice requirements are expressly made applicable to the termination of “any tenancy in a subsidized project” (24 CFR 247.3 [a]), it does not avail landlord to argue that the individual tenants, who, the record tends to show, have occupied the contiguous units for dual residential and commercial use for many years, were not the “intended beneficiaries” of the federal notice provisions because they may not have complied (or, for that matter, been asked to comply) with annual income certification requirements. Further, to the extent the notice provisions contained in the most recent lease agreement covering unit 1302 are inconsistent with those set forth in the agency regulations summarized above, the regulations must control. Nor do the governing federal regulations allow us to wink at the absence of the requisite pretermination, good cause notice by adopting the landlord’s strained argument that tenants “effectively” received such notice in the form of a single email communication previously sent by landlord’s officer. The sending of that email did not, of course, satisfy the service of notice requirements promulgated by the HUD regulations and, in any event, the substance of the missive met none of the substantive requisites of the notice regulations (see 24 CFR 247.4 [a]), merely suggesting, in veiled fashion, that were the parties unable to make “significant progress” on the renewal lease issue “other means [would] have to be brought to bear.”
In dismissing the holdover petition based on the (absence of) notice grounds discussed above, we reach no other issue.
Torres, J.P, Shulman and Hunter, Jr., JJ., concur.