Matter of Dixon v County of Albany (2021 NY Slip Op 01819)





Matter of Dixon v County of Albany


2021 NY Slip Op 01819


Decided on March 25, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

530619

[*1]In the Matter of Clifton M. Dixon, Respondent,
v
County of Albany et al., Appellants, et al., Respondent.

Calendar Date: February 9, 2021

Before: Garry, P.J., Pritzker, Reynolds Fitzgerald and Colangelo, JJ.; Aarons, J., vouched in.


Eugenia Condon, Acting County Attorney, Albany (Michael L. Goldstein of counsel), for appellants.



Reynolds Fitzgerald, J.
Appeal from a judgment of the Supreme Court (Hartman, J.), entered October 23, 2019 in Albany County, which, among other things, partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to prohibit the enforcement of a warrant of eviction until after an affidavit of service was filed.
On August 26, 2019, Albany City Court (Reilly, J.) issued a warrant of eviction to remove petitioner from 439 Manning Boulevard in the City of Albany, effective September 9, 2019. On August 29, 2019, a deputy sheriff with respondent Albany County Sheriff's Department served the warrant of eviction and notice of eviction upon petitioner via the "nail and mail" method of service set forth in RPAPL 749 (2). Petitioner was removed from the premises on September 13, 2019. On the same day, petitioner filed an order to show cause seeking to restrain the Sheriff's Department from removing him from the premises, alleging that it did not file proof of service of the notice of eviction with the court within three days of service, as required by RPAPL 735 (2), and, thus, service was not complete and the requisite 14-day waiting period before executing the warrant of eviction had not begun to run.[FN1] Pending a hearing on the matter, petitioner's possession of the premises was restored. Respondents opposed the petition alleging that proof of service of the warrant is not required as no further court action is needed. Supreme Court found that filing proof of service triggered the 14-day waiting period before execution of the warrant. Thus, Supreme Court granted the petition to the extent that the execution of the warrant was prohibited until 14 days after the Sheriff's Department timely filed an affidavit of service of the notice of eviction. Respondent County of Albany and the Sheriff's Department (hereinafter collectively referred to respondents) appeal.
"As a general principle, courts are precluded from considering questions which, although once live, have become moot by passage of time or change in circumstances" (City of New York v Maul, 14 NY3d 499, 507 [2010] [internal quotation marks and citation omitted]). As petitioner was evicted on a different warrant of eviction and vacated the premises during the pendency of this appeal, this appeal is moot (see Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 811 [2003], cert denied 540 US 1017 [2003]). However, we find that the exception to the mootness doctrine exists because the issue presented is substantial, likely to recur and involves a situation capable of evading review, as tenants will likely be evicted before appeals can be heard (see Matter of M.B., 6 NY3d 437, 447 [2006]; Matter of Mental Hygiene Legal Serv. v Delaney, 176 AD3d 24, 30 [2019], lv granted 35 NY3d 912 [2020]; Matter of Police Benevolent Assn. of N.Y., Inc. v State of New York, 161 AD3d 1430, 1431 [2018]).[FN2]
Respondents contend that proper service of the warrant of eviction does not require the filing [*2]of an affidavit of service. "When presented with a question of statutory interpretation, a court's primary consideration is to ascertain and give effect to the intention of the Legislature. We have long held that the statutory text is the clearest indicator of legislative intent" (Matter of Walsh v New York State Comptroller, 34 NY3d 520, 524 [2019] [internal quotation marks and citations omitted]). "Statutes are to be construed according to the ordinary meaning of their words and where the language of a statute is clear and unambiguous, courts must give effect to its plain meaning" (Matter of Carmel Academy v New York State Educ. Dept., 169 AD3d 1287, 1288 [2019] [internal quotation marks, brackets, ellipsis and citations omitted], lv denied 35 NY3d 901 [2020]).
"RPAPL article 7 sets forth the jurisdictional and procedural requirements for summary proceedings to recover possession of real property" (Matter of Brusco v Braun, 84 NY2d 674, 679 [1994]). RPAPL 749 governs the issuance and execution of a warrant of eviction. "Upon rendering a final judgment for [the owner], the court shall issue a warrant directed to the sheriff of the county . . . in which the property, or a portion thereof, is situated, . . . describing the property, stating the earliest date upon which execution may occur pursuant to the order of the court, and commanding the officer to remove all persons named in the proceeding" (RPAPL 749 [1]). "The officer to whom the warrant is directed and delivered shall give at least [14] days' notice, in writing and in the manner prescribed in [RPAPL article 7] for the service of a notice of petition, to the person or persons to be evicted or dispossessed and shall execute the warrant on a business day between the hours of sunrise and sunset" (RPAPL 749 [2] [a]). Manner of service is defined as "the way or means by which service of process was made" (Black's Law Dictionary [11th ed 2019], manner of service). The legislative history shows that the intent of the statute was to permit service not only by personal service, but also by substituted service, upon a person of suitable age and discretion and by nail and mail (see Sponsor's Mem, Bill Jacket, L 1964, ch 303). As respondents argue, absent from the statutory provision is any requirement for filing proof of service of the warrant; while acknowledging that it might result in "elevating form over substance," Supreme Court felt constrained to reach this result based upon RPAPL 735. That statute governs the service and filing of the initial petition, which has distinct and different purposes.
Significantly, the issuance of a warrant is the court's last act in a summary proceeding, as denoted by the phrase, "Upon rendering a final judgment for [the owner], the court shall issue a warrant" (RPAPL 749 [1]). The execution of the warrant terminates the lease (see Weichert v O'Neill, 245 AD2d 1121, 1122 [1997]). Likewise, the execution of the warrant terminates the summary proceeding [*3]and the jurisdiction of the court (see Super Nova 330 LLC v Gazes, 693 F3d 138, 142 [2012]; Whitmarsh v Farnell, 298 NY 336, 344 [1949]; Matter of Walker v Ribotsky, 275 App Div 112, 114 [1949]).[FN3] Because the court no longer has jurisdiction, the filing of the affidavit of service is superfluous. This stands in stark contrast to the purpose of the affidavit of service at the commencement of the summary proceeding, where it suffices as proof that the party was properly served pursuant to law, as proper service is required to bring a respondent within the jurisdiction of the court (see 6-8 W. 107 Assn. v Nuey, 135 Misc 2d 104, 107 [1987]; Jackson v New York City Hous. Auth., 88 Misc 2d 121, 123 [1976]).
Additionally, the filing of an affidavit of service at the commencement of a summary proceeding starts the time for the respondent to file an answer and interpose a defense, and is utilized in calculating the time for a default in appearance. In a nonpayment summary proceeding, a respondent must answer within 10 days from the date of service and, upon his or her failure to do so, the court shall render judgment in favor of the owner (see RPAPL 732 [3]). These reasons are nonexistent in the context of the service of the warrant of eviction where a final judgment has been rendered and the proceeding has been finalized. As such, we find that filing the affidavit of service at the conclusion of service of a warrant of eviction is not required, and the 14-day notice begins the day following the date of service, posting or mailing, whichever is later (see Regan v Tally Ho Trucking Co., 103 Misc 2d 269, 273 [1980]).
Garry, P.J., and Colangelo, J., concur.
Pritzker, J. (dissenting).
Although we agree with the majority that the appeal is moot, we part ways because it is our opinion that the question before the Court does not fit within the exception to the mootness doctrine; thus, we respectfully dissent. Because the eviction has already taken place, in our view, respondents County of Albany and Albany County Sheriff's Department (hereinafter collectively referred to as respondents) are now simply seeking an advisory opinion on a purely procedural issue that has only a minor impact,[FN4] which, in their own words, is the "determination on the applicability of RPAPL 735 (2) (b) in the context of service of eviction warrants under RPAPL 749 (2) (a)."
Of course, if a matter is moot, this Court lacks jurisdiction to entertain the case unless the exception to the doctrine applies,[FN5] permitting us to review matters because they (1) typically evade review, (2) are likely to recur and, importantly, (3) involve issues that are novel and substantial (see Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 810-811 [2003], cert denied 540 US 1017 [2003]; Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713-715 [1980]; Matter of Correction Officers Benevolent Assn., Inc. v Poole, 188 AD3d 1525, 1529 [2020]; Owner Operator Ind. Drivers Assn., Inc. v Karas, [*4]188 AD3d 1313, 1316 [2020]). All three elements must be met for the mootness exception to apply. Therefore, although the existence of one element of the mootness exception may be demonstrated, if the others are not also met, the exception is not triggered or applicable (see e.g. Matter of Chenier v Richard W., 82 NY2d 830, 832 [1993]; Matter of Hearst Corp. v Clyne, 50 NY2d at 715).
In the case before us, we agree with the majority that the second factor, and arguably the first,[FN6] have been met. However, whether a county sheriff's department is required to file an affidavit of service under these circumstances perhaps is a novel question, it is hardly substantial and, in our view, reaching the merits here would result in the exception to the mootness doctrine swallowing the important jurisdictional rule. Certainly, "[n]o persuasive argument has been made that the matter is of far-reaching importance" (Matter of Finkelstein v New York State Bd. of Law Examiners, 241 AD2d 728, 729 [1997]; compare People ex rel. Carroll v Keyser, 184 AD3d 189, 192 [2020]; Matter of Matzell v Annucci, 183 AD3d 1, 3-4 [2020]; Matter of Mental Hygiene Legal Serv. v Delaney, 176 AD3d 24, 30-31 [2019], lv granted 35 NY3d 912 [2020]; Matter of Heggen v Sise, 174 AD3d 1115, 1115-1116 [2019]). To the contrary, although respondents conjure far-reaching statewide consequences, they are contextually far-fetched since the issue at hand is merely the filing an affidavit of service, which was ultimately done here. Accordingly, we would dismiss the appeal as moot.
Aarons, J., concurs.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as partially granted the petition; petition dismissed in its entirety; and, as so modified, affirmed.



Footnotes

Footnote 1: It is undisputed that petitioner received notice of the warrant of eviction.

Footnote 2: Unlike the dissent, we find the issue to be substantial in light of its impact on numerous evictions.

Footnote 3: We note that Supreme Court has the power to restore the tenant to possession subsequent to execution of the warrant (see RPAPL 749 [3]).

Footnote 4: Notably, even the failure to file a timely affidavit of service relative to the eviction notice and petition itself "'is not a jurisdictional defect, but merely a procedural irregularity which can be cured by an order nunc pro tunc'" (Djokic v Perez, 22 Misc 3d 930, 936 [Civ Ct 2008], quoting Ward v Kaufman, 120 AD2d 929, 931 [1986]; see Reporter Co. v Tomicki, 60 AD2d 947, 947 [1978], lv dismissed 44 NY2d 791 [1978]).

Footnote 5: The purposes behind the bar include our inability to affect the outcome of the case due to changed circumstances, the limitation on our jurisdiction to live controversies and, importantly, the nullifying impact upon an adversarial presentation of the core legal issues. Often, where a case is rendered moot, at least one of the parties lacks skin in the game and is no longer incentivized to participate substantively, as demonstrated here where only respondents have submitted a brief (see generally Baker v Carr, 369 US 186, 204 [1962]; Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]; Matter of Marriage of Peters-Farrell, 216 Ill2d 287, 291 [2005]).

Footnote 6: Although evading review relative to the Albany County Sheriff's Department, this legal issue could be reached in a tenant's appeal, particularly where a stay is imposed (see generally, CPLR 5519 (a) (6), (c); Ar-rahman Found. Inc. v Millat Food Inc. d/b/a Chandni Rest., 2019 NY Slip Op 87064[U] [2019]).