Matter of Metro Plaza Apts., Inc. v Buchanan (2022 NY Slip Op 01087)





Matter of Metro Plaza Apts., Inc. v Buchanan


2022 NY Slip Op 01087


Decided on February 17, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 17, 2022

533313

[*1]In the Matter of Metro Plaza Apartments, Inc., Respondent,
v
Vicki Buchanan, Appellant.

Calendar Date:January 11, 2022

Before: Garry, P.J., Lynch, Pritzker, Colangelo and Ceresia, JJ.


Legal Services of Central New York, Inc., Binghamton (Kathryn Krause of counsel), for appellant.
Aswad & Ingraham, LLP, Binghamton (Rachel E. Miller of counsel), for respondent.


Lynch, J.
Appeal from an order of the County Court of Broome County (Keene, J.), entered November 11, 2020, which, in a proceeding pursuant to RPAPL article 7, affirmed the judgment of the Binghamton City Court in favor of petitioner.
Petitioner owns an apartment building in the City of Binghamton, Broome County. In June 2013, respondent rented a unit in the building that was subsidized by the United States Department of Housing and Urban Development. As relevant here, the lease agreement specified that petitioner's right to terminate the tenancy was governed by HUD regulation 24 CFR part 247. That regulation, in pertinent part, requires that any lease termination notice "state the reasons for the landlord's action with enough specificity so as to enable the tenant to prepare a defense" (24 CFR 247.4 [a] [2]). By letter dated December 28, 2018, petitioner notified respondent that the lease was automatically terminated, effective February 1, 2019, based on assertions that she had violated the building's "Bullying Policy" and had "disrupt[ed] the livability of the project, adversely affecting the health and safety of other persons and adversely affecting the right of other tenants to the quiet enjoyment of the premises, in violation of [paragraphs] 9 (b) (1) and 9 (b) (2) of the lease agreement." This language paraphrases the definition of "material noncompliance" based upon "repeated minor violations" set forth in paragraph 9 (d) of the lease and 24 CFR 247.3 (c) (2). Petitioner later extended the termination date to February 28, 2019, but respondent did not vacate the premises.
Consequently, petitioner commenced this summary holdover proceeding in March 2019 seeking to evict respondent from the premises (see RPAPL art 7). In lieu of serving a written answer, respondent placed a general denial on the record during a March 26, 2019 appearance. Following a termination hearing the next week, City Court granted the petition and issued a warrant of eviction. County Court affirmed that determination upon respondent's appeal. Respondent appeals to this Court.[FN1]
Respondent's sole contention on appeal is that the notice of termination was ineffective because it failed to satisfy the specificity requirements of 24 CFR 247.4 (a). Since a proper notice to terminate was a condition precedent to validly terminating the lease, respondent maintains that petitioner had no basis to initiate the holdover proceeding (see Chinatown Apts. v Chu Cho Lam, 51 NY2d 786, 787-788 [1980]). Petitioner asserts that this argument was waived and/or unpreserved, emphasizing that respondent failed to submit a written answer asserting such a defense and instead raised the issue for the first time during summation at the hearing. Respondent counters that a deficient termination notice under 24 CFR 247.4 implicates a court's subject matter jurisdiction and, therefore, may be raised at any time. We are unpersuaded by respondent's contention in that regard. Noncompliance with [*2]regulations regarding termination notices may constitute a defense to a holdover petition, but, in our view, "d[o] not implicate the court's subject matter jurisdiction" (Matter of 322 W. 47th St. HDFC v Loo, 153 AD3d 1143, 1144 [2017], lv dismissed 30 NY3d 1084 [2018]; see 433 W. Assoc. v Murdock, 276 AD2d 360, 360-361 [2000]; see also Ledezma v Laredo Housing Auth., 2021 WL 1199043, *5-7, 2021 Tex App LEXIS 2439, *17-18 [Ct App Tx, Mar. 31, 2021, 04-19-CV00563]).[FN2]
Nevertheless, we find the issue to be adequately preserved and properly before us. In a holdover proceeding, "at the time when the petition is to be heard[,] the respondent . . . may answer, orally or in writing. . . . The answer may contain any legal or equitable defense, or counterclaim" (RPAPL 743 [emphasis added]). As such, respondent was permitted to enter an oral answer generally denying the charges on the record, and then defend the charges at the hearing (see generally 24 CFR 247.4 [f] ["The failure of the tenant to object to the termination notice shall not constitute a waiver of his (or her) rights to thereafter contest the landlord's action in any judicial proceeding"]). The petition specifies that respondent was served with a notice of termination that informed her of violating the lease and the bullying policy. By entering a general denial, as was her right, respondent placed these allegations into issue. As such, it was petitioner's burden to prove at the hearing that an effective notice of termination had been served on respondent and respondent was authorized to address the adequacy of the proof during summation. In that regard, respondent's counsel argued that the notice of termination "does not contain enough specificity with which to prepare a defense," instead merely setting forth "conclusions" that were "not allegations of fact." He emphasized that the notice did not specify the offending behavior that respondent was alleged to have engaged in, did not provide dates or times of the alleged acts and did not state "who it [wa]s that [wa]s complaining."
Petitioner did not object to respondent raising the issue at that time and, notably, had a chance to respond in its summation but failed to do so. Although City Court admonished respondent's counsel for first making this argument during summation, the court nevertheless ruled on the merits, finding that the notice was "sufficient." This was also the main issue that County Court addressed in its order on appeal. In these circumstances, we conclude that the issue is properly before us.
Turning to the merits, "[t]o terminate a tenancy in federally subsidized housing, federal regulations and due process both require adequate notice detailing the grounds for termination" (Harris v Paris Housing Auth., 632 SW3d 167, 172 [Ct App Tx 2021]; see 24 CFR 247.3 [a]; see generally Escalera v New York City Housing Auth., 425 F2d 853, 862 [1970], cert denied 400 US 853 [1970]). No termination of a lease for a subsidized [*3]unit "shall be valid unless it is in accordance with the provisions of [24 CFR] 247.4" (24 CFR 247.3 [a]).
In our view, the notice of termination was deficient, as it did not set forth the factual predicates underlying the alleged violation of the lease terms, instead merely paraphrasing the lease and the underlying regulation (see generally Escalera v New York City Housing Auth., 425 F2d at 862; Matter of Volunteers of Am.-Greater N.Y., Inc. v Almonte, 65 AD3d 1155, 1157-1158 [2009]; compare Pinehurst Constr. Corp. v Schlesinger, 38 AD3d 474, 475 [2007]; City of New York v Valera, 216 AD2d 237, 237-238 [1995]). No specific incident is described in the notice, nor are any specific facts. The regulatory standard of requiring "enough specificity so as to enable the tenant to prepare a defense" demands more detail as to the nature of the asserted misconduct (24 CFR 247.4 [a] [2]). The service of a proper notice of termination was "a condition precedent to the termination of the tenancy under the lease" (Chinatown Apts. v Chu Cho Lam, 51 NY2d at 788). Since the termination notice here was deficient, petitioner had no basis to initiate the holdover proceeding and the petition should have been dismissed (see id.; 24 CFR 247.3 [a]). Nor could the defect be cured by the more specific information set forth in the ensuing petition (see Chinatown Apts. v Chu Cho Lam, 51 NY2d at 787). As such, the order must be reversed and the petition dismissed (see generally Wesbeth Corp. HDFC Inc. v Ramscale Productions, Inc., 37 Misc 3d 13, 14-15 [Sup Ct, App Term, 1st Dept 2012]).
Garry, P.J., Pritzker, Colangelo and Ceresia, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, and petition dismissed.



Footnotes

Footnote 1: When appealing to County Court, respondent applied for a stay pending the court's determination, which was denied. Although it appears that respondent has, therefore, been evicted and vacated the premises, these circumstances do not render the instant appeal moot, as "an improperly ousted tenant may be entitled to damages or restoration to possession" (Matter of Kern v Guller, 40 AD3d 1231, 1232 [2007]). In any event, even if the issue were moot, we would find the exception to the mootness doctrine to be applicable (see Matter of Dixon v County of Albany, 192 AD3d 1428, 1429 [2021]).

Footnote 2: For that same reason, petitioner's emphasis on the fact that respondent "specifically waived any jurisdictional issues" during a March 2019 appearance on the petition is of no moment.