Matter of Aaron Manor Rehabilitation & Nursing Ctr., LLC v Zucker (2022 NY Slip Op 03168)





Matter of Aaron Manor Rehabilitation & Nursing Ctr., LLC v Zucker


2022 NY Slip Op 03168


Decided on May 12, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 12, 2022

533802
[*1]In the Matter of Aaron Manor Rehabilitation and Nursing Center, LLC, et al., Respondents-Appellants,
v
Howard A. Zucker, as Commissioner of Health, et al., Appellants-Respondents.

Calendar Date:March 22, 2022

Before:Lynch, J.P., Clark, Reynolds Fitzgerald, Colangelo and McShan, JJ.

Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for appellants-respondents.
Harter Secrest & Emery LLP, Rochester (F. Paul Greene of counsel), for respondents-appellants.



Reynolds Fitzgerald, J.
Cross appeals from a judgment of the Supreme Court (O'Connor, J.), entered June 1, 2021 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, among other things, partially granted respondents' motion for summary judgment dismissing the petition/complaint.
Medicaid is a joint federal and state program established to pay for health care — including care of older individuals in and by residential health care facilities — for those who cannot afford it. The Department of Health (hereinafter DOH) is the state agency responsible for administering the Medicaid program. DOH reimburses residential health care facilities through per diem rates. Medicaid reimbursement rates for these facilities are comprised of two components — operating expenses [FN1] and capital expenses. The capital expense component reimburses residential health care facilities for interest on capital indebtedness and the cost of real property and equipment. For-profit residential health care facilities receive reimbursement for capital expenses based on a payment factor sufficient to reimburse them through mortgage principal and a return on, or return of, equity for the duration of a facility's "useful life," which has been set at 40 years (see 10 NYCRR 86-2.21 [a] [7]). After its useful life has expired, for-profit residential health care facilities receive a discretionary, permissive "residual equity" reimbursement factor to pay for continued capital expenses. Not-for-profit residential health care facilities receive reimbursement for capital expenses through depreciation reported on cost reports. On April 3, 2020, the Legislature enacted Public Health Law § 2808 (20) (d), which eliminated the residual equity reimbursement factor (hereinafter the equity elimination clause). Thereafter, DOH filed a State Plan Amendment and, upon approval by the Centers for Medicare and Medicaid Services, the new rates were uploaded to the State payment system. On August 7, 2020, DOH issued a "Dear Administrator Letter" (hereinafter DAL), notifying petitioners, which consist of 116 for-profit residential health care facilities, of the rate changes and the elimination of residual equity reimbursements.
Following receipt of the DAL, petitioners commenced this hybrid CPLR article 78 proceeding and action for declaratory judgment against respondents Howard A. Zucker, as Commissioner of Health (hereinafter the Commissioner), and Robert Mujica Jr., as Director of Budget, challenging the implementation of the equity elimination clause. Simultaneously, petitioners moved for a preliminary injunction to prevent respondents from enforcing the equity elimination clause. Supreme Court granted the preliminary injunction pending final determination of the hybrid proceeding/action. Petitioners thereafter filed an amended complaint which, among other things, sought an order barring enforcement of the equity elimination clause, a declaration that the [*2]equity elimination clause violates Public Health Law § 2807 (3) and (7) and that the equity elimination clause violates petitioners' equal protection rights. Following joinder of issue, respondents moved for summary judgment dismissing the declaratory judgment claims [FN2] and to reargue or modify the preliminary injunction.
In a June 2021 order, Supreme Court, as relevant here, partially granted respondents' motion for summary judgment. In that regard, the court dismissed the third cause of action alleging a violation of Public Health Law § 2807 (3), finding that petitioners failed to provide competent evidence demonstrating that their reimbursement rates would be inadequate to cover their necessary, as opposed to actual, costs once the equity elimination clause was enforced. Supreme Court also dismissed the fifth cause of action alleging a violation of petitioners' equal protection rights, finding that for-profit and not-for-profit facilities were not similarly situated. Supreme Court, however, declined to grant summary judgment to respondents on the first and fourth causes of action. Instead, the court partially granted judgment to petitioners on the first cause of action alleging a violation of Public Health Law § 2807 (7), finding that any change to petitioners' Medicaid reimbursement rates based on the equity elimination clause could not be applied retroactively to April 1, 2020. In a similar way, the court also granted the fourth cause of action in favor of petitioners "to the extent of declaring that any change to [petitioners'] Medicaid reimbursement rates to remove residual equity reimbursement . . . back to April 1, 2020 is improperly retroactive and violative of [Public Health Law § 2807 (7)]." Respondents appeal from the portion of the order partially granting the first and fourth causes of action in favor of petitioners, and petitioners cross-appeal from the portion of the order that dismissed the third and fifth causes of action in favor of respondents.[FN3]
Initially, petitioners contend that respondents' appeal should be dismissed as moot. "As a general principle, courts are precluded from considering questions which, although once live, have become moot by passage of time or change in circumstances" (Matter of Dixon v County of Albany, 192 AD3d 1428, 1429 [2021] [internal quotation marks and citations omitted]; see Matter of Correction Officers Benevolent Assn., Inc. v Poole, 188 AD3d 1525, 1527 [2020]). Petitioners assert that the appeal is moot because respondents are now taking the position that the equity elimination clause is effective October 8, 2020, instead of April 1, 2020. Petitioners further assert that this issue is being independently challenged in another action presently pending in Supreme Court. Respondents acknowledge that they are currently seeking to enforce the equity elimination clause as of October 2020 rather than April 2020 — in compliance with Supreme Court's June 2021 order; however, the central issue [*3]raised in their appeal is the retroactive implementation of the equity elimination clause. Under these circumstances, we cannot say that respondents' appeal is moot (see Matter of Curry v New York State Educ. Dept., 163 AD3d 1327, 1329 [2018]; Matter of City of Glens Falls v Town of Queensbury, 90 AD3d 1119, 1120-1121 [2011]).
Turning to the merits, respondents contend that Supreme Court erred in granting the first and fourth causes of action in favor of petitioners and that the causes of action should be dismissed because Public Health Law § 2808 (20) (d) required the retroactive application of the equity elimination clause as of April 1, 2020. Traditional summary judgment analysis does not apply where an administrative agency's actions have been found to be unlawful; "[g]enerally the determination of such an action or proceeding (whether pleaded as a plenary action, a CPLR article 78 proceeding or a combined action/proceeding) is based not on the resolution of factual issues, but on the purely legal consideration of whether the challenged determination[] [was] reached in accordance with applicable statutory and regulatory provisions and [has] a rational basis" (Matter of Save Our Forest Action Coalition v City of Kingston, 246 AD2d 217, 220-221 [1998]). "Generally, challenges to the computation of Medicaid reimbursement rates are governed by Public Health Law §§ 2807 and 2808 and 10 NYCRR subpart 86-2" (Matter of Schenectady Nursing & Rehabilitation Ctr., LLC v Shah, 124 AD3d 1023, 1024 [2015]). Public Health Law § 2807 (7) requires the Commissioner to notify each residential health care facility "of its approved rates of payment which shall be used in reimbursing for services provided . . . at least [60] days prior to the beginning of an established rate period for which the rate is to become effective."
Respondents assert that the retroactive application of the equity elimination clause is warranted by the following language and actions: (1) the statute itself was retroactive as it eliminated the residual equity reimbursement payment factor on and after April 1, 2020, even though the amendment was not enacted until April 3, 2020; (2) the phrase "[n]otwithstanding any contrary provision of law, rule or regulation" at the beginning of the statute (Public Health Law § 2808 [20] [d]) excludes the advance notice requirement contained in Public Health Law § 2807 (7); and (3) the Legislature itself directed that the law "shall be deemed to have been in full force and effect on and after April [1, 2020]" (Public Health Law § 2808 [20] [d], as added by L 2020, ch 56, § 1, part NN, § 3, as amended). We disagree. "It is a fundamental canon of statutory construction that retroactive operation is not favored by courts and statutes will not be given such construction unless the language expressly or by necessary implication requires it" (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 584 [1998] [citations omitted]; see Matter of St. [*4]Clair Nation v City of New York, 14 NY3d 452, 456-457 [2010]; Matter of County of St. Lawrence v Daines, 81 AD3d 212, 214-215 [2011], lv denied 17 NY3d 703 [2011]).
None of the foregoing language proffered by respondents "approaches any type of clear expression of legislative intent concerning retroactive application" (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d at 589 [internal quotation marks omitted]). The circumstances set forth in Public Health Law § 2808 (20) (d) involve the normal ratemaking process. Here, the Legislature elected to eliminate reimbursement of residual equity expenses for rate periods on and after April 1, 2020. There is no direct evidence or language that the Legislature intended a retroactive application of the ratemaking process.
Moreover, the Court of Appeals has determined that retroactive ratemaking is impermissible under Public Health Law § 2807 (7) (see Matter of Jewish Home & Infirmary of Rochester v Commissioner of N.Y. State Dept. of Health, 84 NY2d 252, 257 [1994]). However, the Legislature has permitted retroactive ratemaking in limited circumstances as set forth in Public Health Law § 2808 (11). Consequently, "the maxim expressio unius est exclusio alterius is applicable" here (Matter of Jewish Home & Infirmary of Rochester v Commissioner of N.Y. State Dept. of Health, 84 NY2d at 262 [emphasis omitted]); "where a statute creates provisos or exceptions as to certain matters the inclusion of such provisos or exceptions is generally considered to deny the existence of others not mentioned" (McKinney's Cons Laws of NY, Book 1, Statutes § 240, at 412-413). As the circumstances here do not fall within one of the enumerated exceptions listed in Public Health Law § 2808 (11), and the retroactive application of the rate would run counter to the "general purpose of the prospective rate system[, which is] to permit providers of [services in residential health care facilities] to conduct their operations in full reliance upon the rates certified by the commissioner" (Anthony L. Jordan Health Corp. v Axelrod, 67 NY2d 935, 936 [1986] [internal quotation marks and citation omitted]), we find that retroactive enforcement of the equity elimination clause is not permitted (see Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d at 589; Matter of Jewish Home & Infirmary of Rochester v Commissioner of N.Y. State Dept. of Health, 84 NY2d at 265; Matter of County of St. Lawrence v Daines, 81 AD3d at 215). Accordingly, Supreme Court properly granted the first and fourth causes of action in favor of petitioners to the extent that the Commissioner is barred from retroactively implementing the equity elimination clause as of April 1, 2020.
Turning to petitioners' cross appeal from Supreme Court's dismissal of their third and fifth causes of action, petitioners contend that Supreme Court erred in granting summary judgment on the fifth cause of action alleging a violation of their equal protection rights; to wit[*5], that enforcement of the equity elimination clause relative to for-profit facilities, while leaving depreciation in place for not-for-profit facilities, contravenes both the NY and US Constitutions. For-profit facilities are governed by their own capital cost reimbursement scheme, and are eligible to receive reimbursement for return on, or return of, equity (see 10 NYCRR 86-2.21 [e] [4], [6], [8]). In contrast, not-for-profit facilities may not withdraw equity for private purposes or receive return on, or return of, equity (see Not-For-Profit Corporation Law §§ 102 [a] [5]; 515 [a]). Accordingly, not-for-profit facilities are eligible to receive capital cost reimbursement based solely on straight line method depreciation (see 10 NYCRR 86-2.19 [a], [b], [c]). "Given this fundamental difference in the underlying economic purposes and incentives of [for-profit] and [not-for-profit] facilities, they are not similarly situated as they must be to sustain [petitioners'] equal protection claim" (Bay Park Ctr. for Nursing & Rehabilitation, LLC v Shah, 111 AD3d 1227, 1229 [2013] [citations omitted]). As such, we find that Supreme Court properly dismissed petitioners' fifth cause of action.
With regard to Supreme Court's dismissal of petitioner's third cause of action asserting that implementation of the equity elimination clause conflicts with Public Health Law § 2807 (3), it is well settled that in order to prevail on a summary judgment motion, the movant is "required to tender sufficient, competent, admissible evidence demonstrating the absence of any genuine issue of fact" (Myers v Home Energy Performance by Halco, 188 AD3d 1327, 1328 [2020] [internal quotation marks and citations omitted]; see Begeal v Jackson, 197 AD3d 1418, 1418 [2021]). "Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (Timmany v Benko, 195 AD3d 1212, 1213 [2021] [internal quotation marks and citations omitted]; see Whiteside v Stachecki, 180 AD3d 1291, 1292 [2020]). Petitioners contend that Supreme Court erred since respondents failed to satisfy their initial burden of demonstrating the absence of a material issue of fact regarding whether the Medicaid rates would be adequate to meet petitioners' costs to run their facilities.
In general, the rate-setting actions of the Commissioner, being quasi-legislative in nature, may not be annulled except upon a compelling showing that the rates are unreasonable (see Matter of Nazareth Home of the Franciscan Sisters v Novello, 7 NY3d 538, 544 [2006]; Matter of St. Margaret's Ctr. v Novello, 23 AD3d 817, 819 [2005]). "DOH is entitled to a high degree of judicial deference, especially when acting in the area of its particular expertise, and thus petitioners bear the heavy burden of showing that DOH's rate-setting methodology [*6]is unreasonable and unsupported by any evidence" (Matter of Nazareth Home of the Franciscan Sisters v Novello, 7 NY3d at 544 [internal quotation marks, ellipsis, brackets and citation omitted]). "Public Health Law § 2807 (3) . . . requires respondents, prior to approving reimbursement rates, to determine 'that the proposed rate schedules for payments to hospitals for hospital and health-related services are reasonable and adequate to meet the costs which must be incurred by efficiently and economically operated facilities'" (Matter of St. Margaret's Ctr. v Novello, 23 AD3d at 818-819). "[H]owever, section 2807 (3) does not require rates to cover every nursing home's actual costs[, and] . . . [r]ates are 'reasonable and adequate' so long as they reimburse the necessary costs (i.e. 'the costs which must be incurred') of 'efficiently and economically operated facilities'" (Matter of Nazareth Home of the Franciscan Sisters v Novello, 7 NY3d at 546, quoting Public Health Law § 2807 [3]).
In support of their motion for summary judgment, respondents submitted an affidavit of the deputy director of DOH's division of health care financing averring that the actions taken were required, necessary, non-discretionary and were the direct result of the Legislature's action in eliminating the residual equity payment factor. The deputy director further stated that although the legislative history did not set forth the reasoning for the equity elimination clause, it can be inferred that the proposal — as recommended by the Medicaid Redesign team — was a way to achieve fiscal savings within the Medicaid program. This satisfied respondents' initial burden of proving that the reimbursement rates were reasonable and adequate to reimburse the necessary costs of facilities as required by Public Health Law § 2807 (3), especially under these circumstances where DOH is simply acting consistent with the Legislature's intent "to control the spiraling cost of Medicaid services that were consuming taxpayer dollars at an alarming rate" (Signature Health Ctr., LLC v State of New York, 92 AD3d 11, 16 [2011], lv denied 19 NY3d 811 [2012]; see Matter of Nazareth Home of the Franciscan Sisters v Novello, 7 NY3d at 546). In opposing respondents' summary judgment motion, petitioners assert that respondents failed to provide rate sheets, studies or analysis supporting its ratemaking actions. "Although documented studies often provide support for an agency's [rate] making, such studies are not the sine qua non of a rational determination" (Matter of Consolation Nursing Home v Commissioner of N.Y. State Dept. of Health, 85 NY2d 326, 332 [1995] [emphasis omitted]). The Commissioner is not confined to factual data alone but may also apply broader judgmental consideration based upon the expertise and experience of the agency (id.). Petitioners' conclusory affidavits failed to create a material issue of fact. Accordingly, Supreme Court did not err in granting summary judgment to respondents [*7]dismissing petitioner's third cause of action (see Franbilt, Inc. v New York State Thruway Auth., 290 AD2d 705, 707 [2002]; Huff v C.K. Sanitary Sys., 260 AD2d 892, 896 [1999]).
Lynch, J.P., Clark, Colangelo and McShan, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: This component consists of direct, indirect and noncomparable costs (see 10 NYCRR 86-2.10 [a] [7]).

Footnote 2: Supreme Court also heard petitioners' equal protection claims as part of the summary judgment motion.

Footnote 3: Petitioners' second cause of action sought injunctive relief to delay application of the equity elimination clause until 90 days after the coronavirus emergency declaration was lifted in New York. The emergency declaration was lifted on or about June 24, 2021, and petitioners do not advance this claim in their brief; therefore it is deemed to have been abandoned (see Dunn v Northgate Ford, Inc., 16 AD3d 875, 878 [2005]; Murry v Witherel, 287 AD2d 926, 926 [2001]).