Rahman v Lewis (2024 NY Slip Op 24211)

[*1]

Rahman v Lewis

2024 NY Slip Op 24211

Decided on July 24, 2024

Civil Court Of The City Of New York, Bronx County

Tovar, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on July 24, 2024
Civil Court of the City of New York, Bronx County

SK M Faizur Rahman, Petitioner(s),

against
Katrina Lewis; "John" "Doe"; "Jane" "Doe", Respondent(s).

Index No. LT-322954-22/BX

Novick Edelstein Pomerantz, PC
By: Gregory S. Bougopoulos
Attorney for Petitioner
733 Yonkers Ave
Yonkers, New York 10704
Mobilization for Justice, Inc.
By: Emilio Paesano, of counsel to Tiffany A. Liston Esq.
Attorney for Respondent
424 East 147th Street, 3rd Floor
Bronx, New York 10455

Bryant F. Tovar, J.

Recitation, as required by C.P.L.R. § 2219(a), of the papers considered in review of this motion.
Papers NYSCEF DOC#
Notice of Motion and Affidavits Annexed 1
Order to Show Cause and Affidavits Annexed Answering Affidavits 2-3
Replying Affidavits 4
Exhibits
Other
After oral argument and upon the foregoing cited papers, the decision and order on this motion is as follows:
BACKGROUND & PROCEDURAL POSTURE
The Petitioner, SK M Faizur Rahman ("Petitioner"), commenced this holdover proceeding against Katrina Lewis ("Respondent"), "John Doe" and "Jane Doe", on the grounds they are month-to- month tenants with a federal Section 8 housing subsidy administered by the New York City Housing Authority ("NYCHA").The predicate 90-day notice ("Termination Notice") dated January 20, 2021, expired on or before April 30, 2022. The petitioner and the respondent are represented by counsel. No one has appeared for "John Doe" and "Jane Doe".
This proceeding first appeared in the intake part on September 6, 2022. The proceeding was then calendared in part K on December 14, 2022. The proceeding was adjourned to February 9, 2023. The respondent moved to dismiss the proceeding on the grounds the petitioner [*2]failed to state a cause of action by using a stale predicate notice, and failed to comply with the Williams Consent Decree, or in the alternative, leave to file an answer. The motion to dismiss was denied and leave to file an answer was granted. The proceeding was subsequently sent to part X for trial. The respondent interposed an answer [FN1]
asserting a general denial, retaliatory eviction, and warrant of habitability.
THE TRIAL
The trial commenced on January 24, 2024. At trial, the petitioner called SK M Faizur Rahman ("Rahman"). Rahman testified he is the owner of the subject premises and submitted into evidence a certified deed (petitioner's exhibit 1). Rahman testified there are three units in the subject building, which is properly registered as a multiple dwelling and submitted a certified multiple dwelling registration (petitioner's exhibit 2). Rahman testified there was no agreement in effect for the respondent to occupy the subject premises and that the respondent was served with a termination notice (petitioner's exhibit 3). Rahman testified no rent has been tendered for the use of the subject premises since the petitioner purchased the building. Rahman testified that he previously commenced a holdover proceeding against the respondent under L&T # 306171-21/BX. The proceeding was discontinued upon respondent's allegation, petitioner failed to comply with the Williams Consent Decree.[FN2]

On cross-examination Rahman was questioned whether he was familiar with the respondent's enrollment in NYCHA section 8, Rahman stated he was not. The respondent's counsel noted the termination notice was served on NYCHA section 8. Rahman stated he was not aware of the respondent's enrollment with NYCHA section 8, further elaborating he has no lease with NYCHA and receives no rent from NYCHA. Rahman immediately contradicted himself and stated he was contacted by someone from NYCHA section 8 regarding repairs needed in the subject premises. He further stated all the repairs were completed. Rahman testified he received a letter from The New York CityDepartment of Housing Preservation and Development ("HPD") that repairs were needed in the subject premises. He again reiterated repairs were completed in the subject premises.
On redirect, Rahman testified he had the respondent write a letter to confirm the repairs in the subject premises were completed and to confirm she did not provide access to the subject premises for painting to occur. The letter (petitioner's exhibit 4) was submitted into evidence. Rahman testified the parties had an HPD proceeding under L&T # 786-21/BX. Rahman submitted a stipulation (petitioner's exhibit 5) from said proceeding dated September 13, 2021, purporting the stipulation evidenced the repair issues had been resolved. The petitioner provided no further testimony and rested.
The respondent moved for dismissal pursuant to Civil Practice Law and Rules (CPLR) § [*3]4401 on the grounds the petitioner failed to comply with the Violence Against Women Act ("VAWA"). The respondent alleges the petitioner did not provide evidence of the "Notice of Occupancy Rights under the Violence Against Women Act" ("VAWA notice") as mandated by 24 C.F.R. Section § 5.2005(a)(1)(i) and the corresponding certification form as mandated by 24 C.F.R. § 5.2005(a)(1)(ii) were served upon the respondent with the termination notice.
The petitioner opposes on the grounds that service of the VAWA notice and certification form on the respondent is not required as a private landlord is distinguishable from a project Section 8 housing adminstrator. In the alternative, the petitioner argues that even if service of the VAWA notice and certification form was required the respondent waived this defense by failing to raise it in their answer.
THE LAW AND ITS APPLICATION
Requirement to serve VAWA Notice
The Violence Against Woman Act (34 U.S.C. § 12491) provides housing protections to victims of intimate partner violence, which includes domestic violence, dating violence, sexual assault, and stalking. VAWA protects individuals from being denied or losing public housing or rental housing assistance due to incidents or intimate partner violence against them. VAWA provides that intimate partner violence cannot be construed "as good cause" to deny or terminate housing assistance to the victim.
The relevant portions of 24 CFR §5.2005(a) of VAWA state:
"A covered housing provider must provide to each of its applicants and each of its tenants the notice of occupancy rights and the certification form as described in this section: . . . the notice required by (a)(1)(i) of this section and certification form required by paragraph (a)(1)(ii) of this section must be provided to an applicant or tenant no later than at each of the following times: (i) At the time the applicant is denied assistance or admission under a covered housing program; (ii) At the time the individual is provided assistance or admission under the covered housing program; (iii) with any notification of eviction or notification of termination of assistance . . . "
Generally, the petitioner contends participants of the Section 8 Housing Choice Voucher Program (HCV) need not be served with VAWA notices. Specifically, the petitioner avers they are not a "covered housing provider" as defined in 24 CFR § 5.2005(a)(1) and thus were not required to serve a VAWA notice and certification form with the termination notice. The petitioner argues a private landlord is to be distinguished from a project Section 8 housing landlord as a private landlord has no administration of whether the respondent complied with HCV requirements or has administration over VAWA protections. The petitioner states that by definition NYCHA is the administrator and accordingly the petitioner had no obligation to comply with VAWA and serve the VAWA notice and certification form.
HCVs exist under § 1437f of Title 42. Programs under § 1437f of Title 42 fall under the term of "covered housing provider" as defined in 24 C.F.R. §5.2003 (a)(1), and 34 U.S.C. § 12491. In defining a "covered housing provider" 34 U.S.C. § 12491. States:
"(H) the programs under section 1437d and 1437f of Title 42; . . . (P) any other Federal housing programs providing affordable housing to low and moderate-income persons by mean of restricted rents or rental assistance, or more generally providing affordable housing opportunities, as identified by the appropriate agency through regulations, [*4]notices or any other means . . . ."
Furthermore, 24 CFR § 5-2003 states a covered housing provider refers to the individuals or entities under a covered housing program that have responsibility for the administration and/or oversight of VAWA protections and includes PHAs, sponsors, owners, mortgagors, and managers, etc. Accordingly, participant landlords fall under the definition of a covered housing provider. There is no noted exemption for private landlords.
The petitioner further argues that even if found to be a covered housing provider, the VAWA notice, and the certification form were not required. The petitioner states they were only required to comply with New York Real Property Law (NYRPL) § 232-a (a 90-day notice of termination) and the Williams Consent Decree. This argument is unavailing as the petitioner fails to cite a case in support that precludes compliance with 24 C.F.R. § 5.2005(a)(1)(i). Service of the VAWA notice and certification form with a notice of eviction and termination of assistance(emphasis added) is required by 24 C.F.R. § 5.2005(a)(1)(i). Strict compliance with 24 C.F.R. §5.2005(a)(1)(i) has been held by the appellate courts in California and Connecticut (see DHI Cherry Glen Assoc., L.P. v Gutierrez, 46 Cal App 5th Supp 1, 259 Cal Rptr 3d 410, 20 Cal Daily Op. Serv. 2312, (where the appellate court dismissed a nonpayment proceeding against a tenant receiving Section 8 benefits, where the Notice to Pay rent was unaccompanied by a VAWA notice); Housing Authority of the of City of Hartford v Tarek Shahine, et al., 2022 WL 2663954, *1, [Conn Super Ct Apr. 26, 2022 No. HFH-CV21-6017325S], (where a Superior Court in Connecticut dismissed an eviction proceeding where the landlord's failure to comply led to dismissal even though the tenant did not identify themselves as a survivor of domestic violence); East Hartford Housing Authority v Mathis, 2023 WL 3172189, *1-4, [ Conn Super Ct Feb. 21, 2023 No. HFH-CV-226023097-S. ] (where a Superior Court in Connecticut dismissed an eviction proceeding where the Notice to Quit included language relating to VAWA but an actual VAWA notice, Form HUD- 5380 and corresponding Certification Form, Form HUD-5382 where never served).
Recently courts in New York have adopted these holdings. In Carnegie Park Preservation LP v. Cintron (NYLJ, 1717127275NY30516322, [Civ Ct, Bronx County 2024]), the court dismissed a holdover proceeding where the landlord failed to serve the VAWA notice noting "(a) plain reading of 24 CFR § 5.2005(a)'s notice provision requires that with any notice of eviction the covered housing provider "must" provide the tenant a copy of the VAWA notice and a certification form. In Hibbert v. Robles., (Civ Ct, Bronx County, October 13, 2023, Gurung R index No. 1065/23), the court dismissed a proceeding where the 90-day notice of termination failed to include VAWA notice and certification form.
Accordingly, the petitioner's failure to serve the VAWA notice, and certification form renders this proceeding dismissible.
Waiver
The petitioner argues that even if required to serve the VAWA notice and certification form, the respondent waived the right to seek dismissal on those grounds since said defense was never specifically raised in the respondent's answer. The petitioner avers a predicate notice to an eviction, like a termination notice, is a condition precedent to a proceeding and is a waivable defense. The respondent argues a general denial requires the petitioner to prove their prima facie and as such all elements of the petitioner's cause of action must be made out which includes [*5]compliance with statutory notice requirements.
"[a] summary proceeding is a statutory proceeding (see RPAPL art 7), relief can be granted to a petitioner only where all the elements of the petitioner's cause of action have been made out, a requirement which is sometimes referred to as "jurisdictional" (see e.g. Matter of Blackgold Realty Corp. v Milne, 69 NY2d 719, 721 [1987] [a nonpayment petition which did not allege compliance with the Multiple Dwelling Law's registration requirement was "jurisdictionally defective"]; Gonzalez v Peterson, 177 Misc 2d 940, 941 [App Term, 1st Dept 1998], affd sub nom. Dass-Gonzalez v Peterson, 258 AD2d 298 [1999] [the absence of a lease provision permitting termination deprives the court of "jurisdiction"]; see also Merrill Holdings, L"1646 Union, LLC v Simpson, 62 Misc 3d 142(A) [App Term 2nd Dept. 2019].
Further, a landlord cannot be awarded possession where a valid notice of termination has not been served (see Ellivkroy Realty Corp. v HDP 86 Sponsor Corp., 162 AD2d 238 [1st Dept 1990]). Lastly, no termination of a lease for a subsidized unit "shall be valid unless it is in accordance with the provisions of [24 CFR] 247.4" (24 CFR 247.3[a])" (see Metro Plaza Apartments, Inc. v Buchanan, 204 AD3d 45, 49 [3d Dept 2022]).
The petitioner argues waiver yet none of the cases cited by the petitioner present a circumstance where a general denial was deemed a waiver of federal regulatory requirements, specifically where the issue was raised at trial. In 433 W. Assoc. v Murdock, 276 AD2d 360 [1st Dept 2000], Murdock recognized 433 W. Assoc.'s prima facie. In Priel v. Priel, N.Y.L.J., Mar. 5, 1993, at 25 [App. Term, 1st Dept.] the movant did not raise the issue with service of predicate notice until after re-argument. In Mehta v. Karrow, N.Y.L.J., Apr. 8, 1993, at 23 [App. Term, 1st Dept.], Karrow raised the issue on a "post-eviction motion to vacate the final judgment, approximately one year after the entry of judgment," after a full trial.
The petitioner also cites W 54-7 LLC v Schick, 14 Misc 3d 49, 50 [App Term 2006] for the proposition that where a tenant appears by legal counsel and fails to raise specific defects about a predicate notice before the commencement of trial, the court cannot consider those alleged defects. The petitioner's reliance on this case is misguided. To the contrary Shick supra reiterates "Compliance with statutory notice requirements represents a condition precedent to maintenance of a summary eviction proceeding (see 170 W. 85th St. Tenants Assn. v Cruz, 173 AD2d 338, 339 [1991]), and the burden remains with the landlord to prove that element of its case at trial (see generally Siegel, NY Prac § 215, at 353 [4th ed])"
CONCLUSION
The failure to serve a VAWA notice and certification form with the termination notice on an NYCHA Section 8 recipient is a fatal defect. The respondent did not waive this defense in filing a general answer as compliance with statutory notice requirements is an element a landlord must prove at trial. Accordingly, this proceeding is dismissed without prejudice. This constitutes the Decision and Order of the Court.
Date: July 24, 2024
Hon. Bryant F. Tovar
Housing Court Judge

Footnotes

Footnote 1:The respondent's first and second objection of law, a first affirmative defense has been stricken per Hon. Lutwak Order dated April 25, 2023.

Footnote 2:(NY St Cts Elec Filing [NYSCEF] Doc No. 10, motion to dismiss, in SK M Faizur Rahman v. Katrina Lewis et al., Civil Court, Bronx County, index No. 306171/21) & (NYSCEF Doc No. 16, Stipulation of Discontinuance, in SK M Faizur Rahman v. Katrina Lewis et al., index No. 306171/21)